**Linda S. KAISER, Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as Statutory Liquidator of Corporate Life Insurance Company, by her Deputy, William S. TAYLOR, Jr., Plaintiff,**

v.

**MONITREND INVESTMENT MANAGEMENT, INC., Defendant.**

Commonwealth Court of Pennsylvania.

Heard Jan. 24, 1996.

Decided Jan. 31, 1996.

Publication Ordered March 4, 1996.

---

Albert C. Braslow, for Plaintiff.

William E. Gallagher, for Defendant.

PELLEGRINI, Judge.

Presently before this Court are the preliminary objections filed by the Insurance Commissioner of Pennsylvania, acting in her capacity as the Statutory Liquidator (Statutory Liquidator) of Corporate Life Insurance Company (Corporate Life) in response to a first amended counterclaim filed by Monitrend Investment Management, Inc. (Monitrend), and Monitrend's preliminary objections to the Statutory Liquidator's preliminary objections.

By order of this Court dated February 15, 1994, Corporate Life, a Pennsylvania-based stock life insurance company, was placed into liquidation pursuant to Chapter V of the Insurance Department Act (Insurance Act) [1] due to insolvency. In accordance with that order, the Insurance Commissioner was appointed Statutory Liquidator and vested with

1. Act of May 17, 1921, P.L. 789, *added by*, Act of December 14, 1977, P.L. 280, 40 P.S. §§ 221.1–221.63.

all of the powers that post conferred under the Insurance Act. *See* 40 P.S. §§ 221.21, 221.23(23). On July 24, 1995, pursuant to these powers, the Statutory Liquidator brought this action in this Court's original jurisdiction.

The allegations of the complaint, which at this stage of the proceedings we are required to accept as true,[2] alleges the following facts: On July 17, 1994, Corporate Life and Monitrend, a Delaware Corporation with its principal place of business in New Jersey, entered into a Share Purchase Agreement (Agreement) by which Corporate Life agreed to purchase eighty percent of Monitrend's common shares after a corporate reorganization and Monitrend's preferred shares. The shares that were to be purchased by Corporate Life had a par value of $4 million. The Agreement further provided that Corporate Life would make an initial loan of $128,000.00 to Monitrend, followed by monthly loans of $16,667.00 each. Pursuant to the promissory notes that were to be executed in accordance with the terms of the Agreement, these loans were to be repaid by Monitrend at the earlier of the time of closing on April 29, 1994, or May 15, 1994. The Agreement further provided that, if Corporate Life failed or refused to close the transaction, the loans that it had made to Monitrend would be converted into common shares of Monitrend at ten cents per share.

On July 17, 1994, Corporate Life made the initial $128,000.00 loan to Monitrend for which it received a promissory note from Monitrend. Corporate Life then made two monthly loans in the amount of $16,667.00 each and again received promissory notes from Monitrend for each of these loans. As a result of this Court's order of liquidation on February 15, 1994, the Agreement between Corporate Life and Monitrend was cancelled, and the closing scheduled for April 29, 1994, did not occur. The Statutory Liquidator made demands upon Monitrend to repay the loans that it had received from Corporate Life. Monitrend refused to repay the loans, and instead, converted the $161,334.00 to common shares at ten cents per share.

The Statutory Liquidator then brought the present action, seeking to obtain the $161,-334.00. In Count I of her complaint, the Statutory Liquidator contends that, because the money was transferred to Monitrend after the petition for liquidation had been filed in this Court but before the order of liquidation had been entered, it is not valid against her pursuant to Section 529 of the Insurance Act, 40 P.S. § 221.29(b). In Counts II and III of her complaint, the Statutory Liquidator contends that, pursuant to the terms of Monitrend's promissory notes, Monitrend was required to repay the loans on the earlier of the closing date of the Agreement or May 15, 1994. As such, the Statutory Liquidator contends, Monitrend is required to immediately repay the loans. In Count IV of her complaint, the Statutory Liquidator contends that Monitrend's conversion of the loan amounts to common shares of Monitrend constitutes a transfer of property in violation of the order of liquidation.

Monitrend then filed an answer with new matter and counterclaim in the nature of a claim for recoupment, which was subsequently amended. In its counterclaim, Monitrend contends that when it entered into the Agreement with Corporate Life, it was unaware of the liquidation petition and related matters. In Count I of its counterclaim, Monitrend contends that Corporate Life or the Statutory Liquidator breached the Agreement. In Count II of its counterclaim, Monitrend attempts to assert a claim against the Statutory Liquidator contending that Corporate Life failed to reveal the status of its financial affairs during the negotiation and execution of the Agreement. Monitrend contends that it had relied to its detriment on the warranties and misrepresentations made by Corporate Life, thus incurring expenses and reliance damages. In Count III of its counterclaim, Monitrend alleges intentional misrepresentation against Corporate Life by its intentional failure to disclose its financial condition prior to the execution of

**2.** *Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,* 418 Pa.Superior Ct. 178, 613 A.2d 1235 (1992).

the Agreement. In all of those counts, Monitrend contends that the expenses and costs that it incurred exceed the amount of relief sought by the Statutory Liquidator and requests this Court to offset its damages accordingly. In Count IV of its counterclaim, Monitrend asserts a claim for promissory estoppel against the Statutory Liquidator, contending that Corporate Life, knowing of its financial status, took no action to prevent the negotiation and execution of the Agreement or to prevent Monitrend from incurring expenses in commencing performance thereunder. Monitrend contends that the Statutory Liquidator should now be estopped from cancelling or rescinding the Agreement.

The Statutory Liquidator filed the present preliminary objections, seeking the dismissal of Monitrend's counterclaims on the basis that no cause of action, setoff, or counterclaim can be asserted against the Statutory Liquidator. Monitrend responded by filing preliminary objections to the Statutory Liquidator's preliminary objections, challenging both the form[3] and the legal sufficiency thereof.

When an insolvent insurance company is ordered into liquidation, the Statutory Liquidator is empowered to dispose of the company's assets, to borrow money in the name of the company, to affirm or disavow any contracts to which the company is a party, to institute lawsuits in the name of the company, and to assert all defenses available to the company. Act of May 17, 1921, P.L 789, § 523, *added by,* Act of December 14, 1977, P.L. 280, § 2, 40 P.S. § 221.23. Additionally, Article V of the Insurance Act prohibits the institution of any action in law or equity against the insurer once the order of liquidation has been issued by this Court.[4] At the same time, however, Section 532(a) of the Insurance Act provides that "[m]utual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article shall be set-off and the balance only shall be allowed or

paid, except as provided in subsection (b)." Act of May 17, 1921, P.L. 789, § 532, *as added by,* Act of December 14, 1977, P.L. 280, 40 P.S. § 221.32(a). In this regard, Subsection 532(b) provides that "[n]o *setoff* or *counterclaim* shall be allowed in favor of any person where ... the obligation of the insurer to the person would not at the date of the filing of a petition for liquidation entitle the person to share as a claimant in the assets of the insurer." Act of May 17, 1921, P.L. 789, § 532(b), *as added by,* Act of December 14, 1977, 40 P.S. § 221.32(b) (emphasis added).

■ Citing to subsection 532(b) of the Insurance Act, the Statutory Liquidator contends that Monitrend's counterclaims in recoupment did not arise until after the petition for liquidation had been filed in June, 1993, and cannot provide a basis for any setoff or counterclaims. Monitrend argues that, unlike a setoff or counterclaim, its counterclaims in the nature of a recoupment do not seek affirmative relief from the Statutory Liquidator. Instead, Monitrend argues, they merely raise a defense to the Statutory Liquidator's ability to recover under the promissory notes. The issue presented, therefore, is whether Monitrend's counterclaims in the nature of recoupment are "counterclaims" or "setoffs" prohibited under Subsection 532(b) of the Insurance Act.

■ A counterclaim is an independent action brought by the defendant in opposition to a plaintiff's claim. *Commonwealth ex rel. Sheppard v. Central Penn National Bank,* 31 Pa.Cmwlth. 190, 375 A.2d 874 (1977). It is wholly independent of the transaction upon which the plaintiff's cause of action is based, and it represents the right of the defendant to obtain affirmative relief from the plaintiff. 6 Standard Pennsylvania Practice 2d § 29:2. A setoff, like a counterclaim, is a cause of action brought by the defendant in opposition to a plaintiff's claim and seeks affirmative

**3.** Monitrend contended that the Statutory Liquidator raised an affirmative defense that should have been pleaded as new matter. During argument, Monitrend agreed not to pursue this preliminary objection in order to expedite the resolution of the issue presently before this Court.

**4.** Act of May 17, 1921, P.L. 789, § 531(a), *added by,* Act of December 14, 1977, P.L. 280, 40 P.S. 221.26(a).

relief against the plaintiff. 6 Standard Pennsylvania Practice 2d § 29:3. Unlike the counterclaim, however, a setoff must be based upon the same transaction underlying the plaintiff's cause of action. *Id.* With both the counterclaim and the setoff, the claim seeks a judgment in favor of the defendant.

■ Recoupment, on the other hand, does not seek affirmative relief from the plaintiff. *Stulz v. Boswell,* 307 Pa.Superior Ct. 515, 453 A.2d 1006 (1982). As stated by our Supreme Court:

> The doctrine of recoupment was derived from the civil law, and was adopted as part of the common law. Under it a defendant is entitled to claim, by way of deduction, all just allowances or demands, accruing to him in respect of the same transaction that forms the ground of the action. This is not a set-off . . . in the strict sense, because it is not in the nature of cross demand, but rather it lessens or defeats any recovery by the plaintiff. It goes to the existence of the plaintiff's claim, and is limited to the amount thereof. . . .
>
> Recoupment goes to the foundation of the plaintiff's claim; it is available as a defense, although as an affirmative cause of action it may be barred by limitation. The defense of recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action upon the claim exists. It is a doctrine of intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced.

*Household Consumer Discount Co. v. Vespaziani,* 490 Pa. 209, 215, 415 A.2d 689, 694 (1980).

No Pennsylvania case law has addressed the distinction between a counterclaim or setoff and recoupment in the context of the liquidation of an insolvent insurance company. However, several federal courts have discussed this issue in the context of a default banking institution that has been placed into receivership. *See Rew Enterprises, Inc. v. Premier Bank, N.A.,* 49 F.3d 163 (5th Cir.1995); *Federal Deposit Insurance Corp. v. Hulsey,* 22 F.3d 1472 (10th Cir.1994). In those cases, the federal courts have recognized that, although a party cannot assert a counterclaim or setoff against the receiver based upon the wrongful conduct of the default banking institution, a claim for recoupment may nevertheless be asserted against the receiver. *Id.* In allowing the claims for recoupment to proceed, those courts have held that, when the receiver is seeking relief against the borrower based upon the specific terms of a written contract or agreement between the borrower and the lending institution, the receiver is subject to the defenses that the borrower could have asserted against the lending institution based upon its tortious conduct leading up to and during the execution of the contract. *See FDIC v. Hulsey,* 22 F.3d 1472 (10th Cir.1994). Because the statutory framework surrounding the placement of defunct lending institutions into receivership is analogous to that associated with the liquidation of insolvent insurance companies in Pennsylvania, we conclude that the holdings of the federal courts concerning the availability of a claim for recoupment in receivership proceedings extend to liquidation proceedings.

■ In the present case, in Counts II and III of her complaint, the Statutory Liquidator alleges that the promissory notes were executed by Monitrend in accordance with the terms of the Agreement. Citing to the fact that the promissory notes required repayment of the loans on the earlier of the closing date or May 15, 1994, the Statutory Liquidator requests this Court to order Monitrend to repay loans immediately. In other words, Counts II and III of the Statutory Liquidator's complaint seek relief based upon the specific terms of the Agreement and the promissory notes between Monitrend and Corporate Life. Monitrend's counterclaims raise equitable considerations regarding Corporate Life's conduct during the negotiation and execution of the Agreement. Monitrend is not seeking affirmative relief from the Statutory Liquidator, but instead, requests this Court to offset the relief requested by the Statutory Liquidator by the amount of damages that it suffered as a result of Corporate Life's wrongful or negligent conduct. Because Monitrend's claims directly attack

the Agreement between itself and Corporate Life, the Agreement under which the Statutory Liquidator seeks relief, they are in the nature of recoupment and are not setoffs or counterclaims. Consequently, irrespective of when Monitrend's claims for recoupment arose in relation to the filing of the liquidation petition, Monitrend is not barred from asserting them as a defense to Counts II and III of the Statutory Liquidator's complaint.[5]

■ However, we arrive at a different result with respect to Counts I and IV of the Statutory Liquidator's complaint. In Count I, the Statutory Liquidator contends that transfers of money to Monitrend occurred after the petition for liquidation had been filed and are not valid against her absent a showing of good faith and present fair equivalent value on the part of Monitrend. In Count IV, the Statutory Liquidator contends that Monitrend's conversion of the loan amounts to common shares was in violation of the order of liquidation and is not valid against her. In both counts, the Statutory Liquidator is not pursuing the claims of Corporate Life, but rather, is asserting the rights of Corporate Life's policyholders, creditors and shareholders. Furthermore, Counts I and IV are not premised upon the Agreement between Corporate Life and Monitrend; they assert an independent cause of action conferred by the Insurance Act. Consequently, Monitrend's counterclaims in the nature of a recoupment, which rely completely upon the negotiation and execution of the Agreement, cannot be asserted against Counts I and IV of the complaint.[6]

Accordingly, the Statutory Liquidator's preliminary objections are sustained in part and denied in part. Monitrend's counterclaims in the nature of recoupment can only apply to Counts II and III of the Statutory Liquidator's complaint.

## ORDER

AND NOW, this 31st day of January, 1996, upon consideration of Plaintiff's preliminary objections to Defendant's amended counterclaim, as well as Defendant's preliminary objections to Plaintiff's preliminary objections, it is ordered that:

1. Plaintiff's preliminary objections are granted in part; Defendant's counterclaim is stricken insofar as it pertains to Counts I and IV of Plaintiff's complaint; and

2. Defendant's preliminary objections are denied.

---

5. This result is further supported by the fact that, because the Statutory Liquidator is seeking to enforce a contract via the rights of the insurer, the Statutory Liquidator is just as bound by the terms of that contract as would be the insurer. *Commonwealth ex rel. Kelly v. Commonwealth Mutual Insurance Co.,* 450 Pa. 177, 299 A.2d 604 (1973); *Commonwealth ex rel. Sheppard v. Central Penn National Bank,* 31 Pa.Cmwlth. 190, 375 A.2d 874 (1977). In other words, the Statutory Liquidator has no greater rights under the contract than the insurer and would be subject to any defenses that may be asserted against the insurer by the other party to the contract. *Id.*

6. We note, however, that in its new matter Monitrend does allege facts that, if proven, may provide a defense to Counts I and IV of the Statutory Liquidator's complaint.