HAZOURI, J.
Appellee, M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her official capacity as “Liquidator” of Reliance Insurance Company, filed an Amended Complaint against appellants, Amcomp Preferred Insurance Company, Amcomp Incorporated, and Am-comp Assurance Corporation, pursuant to the authority granted to her under the *987 Pennsylvania Insurance Department Act of 1921, 40 Pennsylvania Statutes section 221.30(a) (2001), to recover preferential payments[1] made by Reliance to appellants. These payments made to appellants under a reinsurance agreement between Reliance and appellants are alleged by the Liquidator to be “voidable preferences” the Liquidator is authorized to recover under the statute.
Appellants answered the complaint and asserted the affirmative defense of failure of a condition precedent in that the Liquidator was required to seek arbitration under the arbitration clause in the reinsurance agreement. Appellants filed a Motion for Judgment on the Pleadings or in the Alternative to Dismiss for Failure of a Condition Precedent in which they argued that the reinsurance agreement requires the Liquidator to pursue arbitration as a condition precedent to asserting this or any other cause of action. As the Liquidator never requested arbitration, appellants asserted that the complaint should be dismissed.
The Liquidator responded and argued that her claims were brought for the benefit of Reliance’s creditors who were not parties to the reinsurance agreement and therefore the arbitration clause was inapplicable. The trial court agreed and denied appellants’ motion. We affirm.
On appeal appellants argue that the trial court erred because it misconstrued the meaning of the ■ arbitration clause[2] in the agreement, and failed to apply the broad provisions of the Federal Arbitration Act. See 9 U.S.C. § 2 (2001).
We find it unnecessary to reach these arguments because the trial court properly found that the Liquidator who was suing on behalf of Reliance’s creditors, not Reliance, was not a party to the reinsurance agreement and therefore not bound by its terms, i.e., the arbitration clause. The trial court cited Kaiser v. Monitrend Investment Management, Inc., 672 A.2d 359 (Pa.Commw.Ct.1996), in which the statutory liquidator of an insurance company brought an action against a debtor to the insurance company to recover payments on promissory notes executed pursuant to a share purchase agreement. The liquidator made the claims on two theories. One was for breach of the share purchase agreement and the others were statutory claims based upon the transfer of money after the filing of a liquidation petition similar to the instant case. Monitrend filed its counterclaims to which the liquidator objected. The trial court overruled these objections and the liquidator appealed.
The court in Kaiser noted the distinction, between the two types of claims. With respect to the claim under the contract, the court stated “because the Statutory *988 Liquidator is seeking to enforce a contract via the rights of the insurer, the Statutory-Liquidator is just as bound by the terms of that contract as would be the insurer.” Id. at 364 n. 5. However, in the claims for money transferred after the petition for liquidation, the court held “the Statutory Liquidator is not pursuing the claims of [the insurer], but rather, is asserting the rights of [the insurer’s] policyholders, creditors and shareholders. Furthermore, [those claims] are not premised upon the Agreement between [the insurer] and Monitrend; they assert an independent cause of action conferred by the Insurance Act.” Id. at 864.
The Liquidator here is also pursuing her claims on behalf of Reliance’s creditors which constitute an independent cause of action that is not premised upon the reinsurance agreement. The liquidator and Reliance’s creditors are not parties to the reinsurance agreement and therefore are not bound by its terms. See, e.g., Tartell v. Chera, 668 So.2d 1105, 1106 (Fla. 4th DCA 1996) (trial court erred in compelling arbitration where plaintiffs were not parties to the contract containing the arbitration clause).
We conclude that the trial court correctly denied appellants’ motion.

Affirmed.

STEVENSON, C.J., and WARNER, J., concur.

. A “preference” is defined as:
[A] transfer of any of the property of an insurer to or for the benefit of a creditor, for or on account of an antecedent debt, made or suffered by the insurer within one year before the filing of a successful petition for liquidation ... the effect of which transfer may be to enable the creditor to obtain a greater percentage of this debt than another creditor of the same class would receive.
40 Pa.Cons.Stat. § 221.30(a).

. The Agreement provides in pertinent part:

ARBITRATION

As a condition precedent to any right of action hereunder, any dispute arising out of or related to this Agreement or any transaction under this Agreement, whether arising before or after termination, shall be submitted upon written request by either party to the decision of a board of arbitration composed of two arbitrators and an umpire, meeting in North Palm Beach, Florida unless otherwise agreed. Notice requesting arbitration will be sent by Certified or Registered Mail, return receipt requested.