J-A13042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TETYANNA MANNA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEDECIA MANNA | : | |
| | : | |
| Appellant | : | No. 1875 EDA 2021 |

Appeal from the Judgment Entered December 21, 2021
In the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2019-003311

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 28, 2022**

Appellant, Kedecia Manna, appeals from the judgment entered in the

Delaware County Court of Common Pleas, which found in favor of Appellant

on the ejectment claim of Appellee, Tetyanna Manna, and in favor of Appellee

regarding Appellant's counterclaim. We affirm.

The trial court set forth the relevant facts and procedural history of this

appeal as follows:

> This case involves … the rental of a property located at 1033
> W. Ninth Street, Chester, Pennsylvania (hereinafter "the
> Property"). It is undisputed that [Appellee] owns the
> property. [Appellee] commenced the instant Landlord
> Tenant action on February 6, 2019 in Magisterial Court. A
> Complaint was filed in this case on or about August 23, 2019
> in which [Appellee] brought a claim for ejectment and a
> claim for breach of contract. Appellant filed an Answer on
> or about August 26, 2019 in which [Appellant] denied all
> claims in the complaint and raised a counterclaim for
> declaratory judgment confirming the validity of [a written]
> lease agreement and a request for counsel fees pursuant to

42 Pa.C.S.A. § 2503.

[Appellant appealed the decision entered by the Magisterial Court to the Court of Common Pleas and a non-jury] trial was held … on June 30, 2021. At the time of trial, [Appellee] proceeded solely on the claim for ejectment. …[Appellee's] husband, Ernest Manna, [testified that] he began renting the Property to Appellant, his stepdaughter, and his son's girlfriend, Kayla, around 2012. There was no written lease, but eventually an arrangement was made between the parties and rent was charged to both tenants in the amount of $300 a month, with Appellant paying half, or $150 a month. Over the years, the two tenants' business ventures changed, and in 2017 Appellant began renting the left side of the building and Kayla began renting the right. At that time, the rent amount was changed again. Appellant began paying $750 a month and Kayla began paying $650 a month. In 2018, rent increased again and Appellant began paying $780 and Kayla began paying $680. There was no written lease between the parties during the course of their tenancy.

Over time, the relationship between the two tenants became hostile. One issue between the tenants involved their respective areas in the Property. According to [Mr. Manna], when Appellant refused to move into the space that the parties had agreed upon, he texted Appellant on September 15, 2018 and told her to "please consider this notice to evict for failure to move to the space we agreed to rent verbally. If your equipment is not moved within the next 10 days, I will file eviction with the courts." [Mr. Manna] did not take any legal action at this time and Appellant did not vacate the property.

The issues between the parties continued, and, according to [Mr. Manna], he ultimately provided notice to Appellant that he wanted her to vacate the property via text on January 5, 2019. In response to his text, Appellant responded that she was in possession of a lease that was valid until 2023 and said that she was not leaving the Property. According to [Mr. Manna], he then printed his notice to quit and took it down to the property and handed it to Appellant that afternoon. [Mr. Manna] then took legal actions to have Appellant evicted and to repossess his Property. Appellant

- 2 -

denied receiving a notice to quit and denied that [Mr. Manna] was present at the property on that date. Appellant refused to vacate the Property. As mentioned above, according to Appellant, a notice to quit was never served upon her. [Appellant's c]ounsel argued at trial that the first time [the notice to quit] was produced was in response to a motion for summary judgment. Conversely, according to [Mr. Manna], the purported [written] lease that Appellant maintained was signed by both parties was first seen in District Court.

At the conclusion of the trial, [the trial] court found that neither party had met their burden of proof, and candidly informed the parties that it had significant issues regarding the credibility of both parties involved. Based upon the evidence presented, [the] court did not find the testimony of Appellant to be credible regarding a written lease. [The] court concluded that the evidence established that there was no meeting of the minds regarding her purported lease, and denied [Appellant's] counterclaim for declaratory judgment. [The] court also found the testimony involving the notice to quit was suspect and found the notice to quit to be invalid.

(Trial Court Opinion, filed 12/22/21, at 1-3) (internal footnotes omitted).

On July 9, 2021, the court entered the following judgment:

…[T]his court finds in favor of [Appellant] and against [Appellee] on Count 1 of Complaint-Ejectment. This court was not convinced, by a preponderance of the evidence, that a Notice to Quit was prepared, executed, and served upon [Appellant]. This court finds in favor of [Appellee] on the counterclaim of [Appellant]; [Appellant] having failed to meet her burden of proof. Finally, this court finds that the contract between the parties was oral and not in writing. [Appellee] never executed a written contract and there was never any meeting of the minds to effectuate any terms and/or conditions of a written contract….

(Trial Court Judgment, filed 7/9/21). On July 16, 2021, Appellant filed a post-trial motion, which the court denied on August 26, 2021. Appellant filed a

timely notice of appeal on September 15, 2021. On September 28, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on October 19, 2021.

Appellant raises the following issue for our review:

I. Whether the trial court's jurisdiction was divested once it determined that the plaintiff-landlord [Appellee] failed to serve a notice to quit thereby involuntarily dismissing [Appellee's] sole cause of action?

> A. As a matter of Law, the trial court relinquished all jurisdiction when it determined that a Notice to Quit had NOT been served.

> B. The trial court in error made findings of fact and law after it should have dismissed and discontinued the litigation.

(Appellant's Brief at 3).

On appeal, Appellant asserts that the trial court properly determined that Appellee had not served a notice to quit upon Appellant prior to initiating the ejectment action. Appellant contends that the notice to quit is a required statutory prerequisite to bring a claim for possession under the Landlord Tenant Act. Appellant argues that once the court determined that Appellee failed to serve the required notice to quit, the court lacked subject matter jurisdiction to issue additional findings of fact on the merits of the claims between the parties. As a result, Appellant insists the court erred by making findings regarding Appellant's counterclaim, and we should vacate the portion of the court's judgment addressing Appellant's counterclaim. We disagree.

"It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*. Our standard of review is *de novo*, and our scope of review is plenary." **In re Estate of Ciuccarelli**, 81 A.3d 953, 958 (Pa.Super. 2013) (internal citations and quotation marks omitted). "The assessment of 'whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs.'" **Assouline v. Reynolds**, 656 Pa. 133, 144, 219 A.3d 1131, 1137 (2019) (quoting **Beneficial Consumer Discount Co. v. Vukman**, 621 Pa. 192, 197-98, 77 A.3d 547, 550 (2013)).

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case…. Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The trial court has jurisdiction if it is competent to hear or determine controversies of the general nature of the matter involved *sub judice*. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.

**Estate of Ciuccarelli, supra** at 958 (quoting **Aronson v. Sprint Spectrum, L.P.**, 767 A.2d 564, 568 (Pa.Super. 2001)).

A landlord seeking to dispossess a party occupying his property may bring an action for possession under the Landlord Tenant Act of 1951. Section 501 of the Landlord Tenant Act provides:

**§ 250.501. Notice to quit**

(a) A landlord desirous of repossessing real property from a tenant … may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) Upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

(b) Except as provided for in subsection (c), in case of the expiration of a term or of a forfeiture for breach of the conditions of the lease where the lease is for any term of one year or less or for an indeterminate time, the notice shall specify that the tenant shall remove within fifteen days from the date of service thereof, and when the lease is for more than one year, then within thirty days from the date of service thereof.  In case of failure of the tenant, upon demand, to satisfy any rent reserved and due, the notice shall specify that the tenant shall remove within ten days from the date of the service thereof.

\*     \*     \*

68 P.S. § 250.501.  "[T]he purpose of the [notice to quit] is to give the tenant time to prepare for eviction once [the tenant] has failed to respect the demand and further to evidence the fact that the landlord is exercising [the] option to repossess the premises."  *Elizabethtown Lodge No. 596, Loyal Ord. of Moose v. Ellis*, 391 Pa. 19, 27, 137 A.2d 286, 290 (1958).  Forfeiture for breach of a lease agreement is not favored and should be limited by "strict construction of statutes and contracts."  *Id.* at 28.

Instantly, the trial court determined that Appellee did not serve a notice to quit upon Appellant as required by Section 501.  Consequently, the court found in favor of Appellant on Appellee's ejectment claim.  While we agree with Appellant that it would have been improper for the court to make

- 6 -

additional findings of fact regarding the merits of Appellee's ejectment action, the record demonstrates that the court did not do so. Rather, the court issued a judgment relative to Appellant's counterclaim requesting a declaratory judgment on the existence of a written lease agreement between the parties. The court found that Appellant did not meet her burden of proof to establish that both parties consented to a written lease and ruled in favor of Appellee on this issue.

Contrary to Appellant's position, a counterclaim may proceed independently even when the plaintiff's claim is no longer before the court. *See Topelski v. Universal S. Side Autos, Inc.*, 407 Pa. 339, 354, 180 A.2d 414, 421 (1962) (stating: "A counterclaim is in effect a declaration by defendant against plaintiff in the nature of an independent action deferred until the defendant is brought into court"). *See also Kaiser by Taylor v. Monitrend Inv. Mgmt., Inc.*, 672 A.2d 359, 362 (Pa.Cmwlth. 1996) (stating: "[A counterclaim] is wholly independent of the transaction upon which the plaintiff's cause of action is based, and it represents the right of the defendant to obtain affirmative relief from the plaintiff") (internal citations omitted).[1]

Further, Rule 232 of the Pennsylvania Rules of Civil Procedure provides:

---

[1] *See also Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010), *appeal denied*, 608 Pa. 648, 12 A.3d 371 (2010) (stating: "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate").

**Rule 232. Counterclaim. Termination of Plaintiff's Action**

(a) A discontinuance or nonsuit shall not affect the right of the defendant to proceed with a counterclaim theretofore filed.

(b) A counterclaim may not be terminated, in whole or in part, by the defendant, except by discontinuance or voluntary nonsuit, and subject to conditions similar to those applicable to the plaintiff.

Pa.R.C.P. 232. Although Rule 232 is not directly applicable in the instant matter because Appellee's ejectment action was not discontinued or subject to a nonsuit, it provides support for the notion that a counterclaim may proceed on its own merits independent of the opposing party's suit. Additionally, Rule 232(b) demonstrates that a counterclaim is not automatically terminated when the plaintiff's suit is resolved but proceeds until it is discontinued or subject to a voluntary non-suit.

Here, Appellant improperly conflates subject matter jurisdiction to adjudicate Appellee's ejectment action with subject matter jurisdiction to resolve Appellant's counterclaim. Appellant's counterclaim was brought under the Declaratory Judgments Act, over which the trial court has authority to pronounce judgment. *See* 42 Pa.C.S. §7532. Appellant did not take any steps to discontinue her counterclaim prior to the court's ruling. *See* Pa.R.C.P. 232(b). As such, we reject Appellant's claim that Appellee's failure to serve a notice to quit in the ejectment action deprived the court of authority to rule on Appellant's counterclaim. *See Kaiser by Taylor, supra*. Accordingly,

Appellant is not entitled to relief, and we affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2022